Oh yes, oh yes, oh yes. The Honorable Cutler Court, 5th District, State of Illinois, is now in session. Please be seated. Good morning, gentlemen. First case on this morning's docket is the case of Hulverson & Hullverson v. Thomas Hullverson, et al. And we have Mr. James Hulverson, Jr. here for the appellant. And we have Mr. Thomas P. here to be at the lead. You may proceed. Good morning, Mr. Nestor. Are you arguing at all or not? Mr. P. is arguing that your oral argument is imperative. Thank you. May it please the Court, Mr. P., Mr. Nestor, I'm here requesting that the Court reverse the order of the Circuit Court of St. Clair County that dismissed the case of Hulverson & Hullverson, L.C., Corporation v. the members of the Hullverson Law Firm in St. Louis. The reasons behind that request are that the Circuit Court committed an error in dismissing this case on the alternative grounds that it was barred by race judicata in connection with a voluntary dismissal in the Federal Court of Missouri of a land map case, that the statute of limitations does not apply in any regard, and that there are no bases to dismiss this case. The lawsuit is filed claiming that the defendants violated the Illinois Attorney Act by advertising Tom Hulverson as a lawyer in their office when he has been inactive since January 4, 2008, and he's not authorized to practice law anywhere. Secondly, it is our position that they violate the Uniform Deceptive Trade Practices Act. Third, they violate the Land Map. The Deceptive Trade Practices Act is aimed at competitors. The Consumer Fraud and Deceptive Business Act is primarily aimed at consumers. They are related and they cross-reference one another. The Consumer Fraud Act typically allows state's attorneys to stop any deceptive advertising. It allows for an individual person to seek a damage action for actual damages, such as the VW case, where people got clean diesels only they weren't clean diesels. That's the classic. The Deceptive Business Practices Act is a competitor versus competitor case. The Land Map is competitor versus competitor. I filed on my own behalf a Land Map violation case against these defendants in the Federal Court, Eastern District of Missouri. We prosecuted it for a year, the better part of a year. Filing in January 2012, the court entered an order striking allegations regarding ethical rule violations in Missouri. I filed that case in part with an affidavit verifying the complaint under Missouri law. It was a six-count complaint. Each count was for declaratory judgment and Land Map. Well, you did ask for relief under the attorney rules in Missouri in the federal case. When you say relief, Your Honor, I presented that as an informant to the court. I don't get relief from that. I don't have a claim against other lawyers for violating the rules. Okay, I'm looking at your prayer for relief in count one in the federal complaint, subparagraph E, that defendant account for and pay as damages to the plaintiff all profits and advantages gained from his rule violation and his Land Map violation. That sounds like you're asking for money damages based on Missouri rules. I was asking for money damages, and in particular in the context of this case, that they should be deprived of their profits under the Land Map because the Land Map can take advantage of other laws insofar as those laws may prescribe how people are to communicate and advertise. Here in Illinois, with the Attorney Act, I'm entitled to sue as a member of the class of attorneys who are adversely affected by somebody, an attorney or attorneys who are improperly advertising inactive lawyers who can't be lawyers. And so, yes, that is exactly what I plead in that case. And the federal court did not dismiss any count in that case. Well, your counts were all based on the defendant with multiple claims contained therein. That is correct, under federal lawyer's plea. I mean, so it would seem that the way you would determine whether a claim was dismissed versus allegations being dismissed would be to determine whether you asked for relief under a certain theory. And it appears that you did ask for relief under the Missouri rules. Under the federal rules. The federal rules of civil procedure govern that case. Well, I'm talking about the attorney rules. You claim they violated various ethical rules. Yes, and that constitutes a per se false advertisement claim under the Land Map. It's deceptive. Okay. In regard to that, let's just start with the Semtec case. Where, in particular, for the unanimous court, Judge Scalia wrote that in order to have a final judgment in another court, it has to be a final judgment in the court in which it was rendered. He goes on to say, he said that a dismissal without prejudice, as defined, allows you to bring the other claim. In the federal court, it says exactly what it means. I dismissed without prejudice under federal rule of civil procedure 41A1. And it's a capital A and a small i. Okay, well, what Scalia specifically says is, I'm quoting here, the primary meaning of dismissal without prejudice, we think, is dismissal without barring the plaintiff from returning later to the same court with the same underlying claim. That will also ordinarily, though not always, have the consequence of not barring the claim from other courts. What does that parenthetical, though not always, mean? I'm not sure what he means. But it's fundamental that in order for this court to say that was a final judgment, it had to be a final judgment in the federal court in Missouri. And it was not. The dismissal without prejudice under rule 41 that I took, I had an absolute right to take. All the authorities say that that is not a final judgment. And it does not convert any prior orders in that case into appealable final judgments. It really boils down to what law applies, doesn't it? Yes, sir, it does. And in that regard, let's just take a look. If it's federal law versus elementary law. I think you'll find that under restatement of judgments, section 87, federal law determines the effects under the rules of restatement of judgment of a federal court. Everybody agrees with that. Well, let me just, and I'm going to ask Mr. Keefe the same question, but under Sentech, that was a diversity case. Yes. This is a federal question case. Yes, sir. In Sentech, Scalia says, quote, it is also true, however, that no federal textual provision addresses the claim preclusive effect of a federal court judgment in a federal question case. Yet we have long held that states cannot give those judgments merely whatever effect they would give their own judgments, but must accord them the effect that this court, in other words, the U.S. Supreme Court, prescribes. Does that support your argument? It does support my argument, Your Honor. My argument also coordinates and supports the position that this court took and ultimately the Illinois Supreme Court took in the Chapman case, in the Morris-Chapman case, and I presume, Judge Chapman, you would like to relate it to Morris-Chapman. I might. Okay. I enjoyed it. I had a case called Mickey Porter in a federal court. He had a very nice verdict, and then I think it was your father who had the Wealth Baby Carriage case that set the record in the bar in the Federal Court of the Eastern District of Missouri. I think that's what the court was. So we get back. Race judicata is only included. Let me follow up here. When Scalia gives this quote about must accord them the effect this court prescribes, is he talking about Rule 41? Yes, sir. Rule 41 and restatement of judgments incorporate the rules, the statutes and rules of the court where the action is determined, what the effect of that action is. Obviously, I could have refiled the lawsuit in the U.S. District Court of the Eastern District of Missouri. The defendants admit that. That ends the discussion. If it's not a final judgment in that court, it cannot be a final judgment in this court. You cannot ascribe to it some surreal notion that, gee, had this been decided under Illinois rules instead of federal rules, it might have been a judgment. No. The judgment in the federal court is determined by the federal rule of civil procedure 41A, and that is absolutely clear. It's dismissal without prejudice. I can refile that lawsuit. Okay, so now let me ask you this. Do you agree that under Illinois' claim-splitting rules, Hudson v. City of Chicago and its progeny, that res judicata would apply? If Illinois law is applied, I mean, it seems like we're in a situation where if Illinois law is applied, res judicata applies. If Rule 41 is applied, it's not. Actually, no, Your Honor, because if you'll remember, this Martindale model was produced in 2013. It didn't exist when that federal court case existed. That federal court case was dismissed without prejudice in December of 2012. The subsequent advertisements are new and different. Okay, and tell me— These did not exist. 258 did not exist. They had new advertisements. Go all the way. Okay, hone in on that and tell me how that affects the res judicata argument. In a similar way. Res judicata is a final judgment between the same parties on the same cause of action. It's got to be confined to the same facts. As soon as you have new advertisements, there is no res judicata. You can't bar me from suing them with respect to the evolution of their advertising. And their advertising has evolved. It's evolving still. Professor Perlman, who wrote this book, looked at 12 years' worth of their ads involving Tom Halverson and John Halverson. They violated all the rules. On space, they violated the rules. Of counsel. The of counsel agreement. They tried that. Under this advisory opinion, you can't be of counsel unless you're available— for consultation and advice. Inactive attorneys cannot be of counsel. It's a murky kind of question of representation in the first place under Rule 7.1, whether it's misrepresented or lacks something that the public ought to know. But you can't be of counsel and inactive, and they've done that, and they continue to do that. So all of the authorities hold that in the federal court, that dismissal without prejudice did not make the prior orders appealable. And there's a mnemonic for what's an appealable interlocutory order. I don't know. Injunctions, receivership, admiralty. With injunction, you can also have immunity in a federal civil rights case if the defendant is immune from being sued for a federal civil rights violation, such as under the Mitchell v. Forsythe case in Monell. So those are the only interlocutory orders that are appealable. Once I filed a dismissal without prejudice— Counsel, let me ask you about these cases that have been brought up, this Semtec and Hudson. The appellee cites Hudson and says it was seven years after Semtec and that it's directly on point. I'll give you an opportunity to address their argument. It's not on point at all, Your Honor. It's an intramural case. It is construing Illinois intramural procedural law. Fine. That's the way Illinois proceeds. And Illinois is a fat pleading state with multiple counsel. The federal court doesn't even know this pleading state. The rules are different. One of the points that the dissent in Hudson made was, hey, we have a rule that says it's dismissal without prejudice, but that really doesn't mean what it says here in Illinois, the way we're proceeding with this. In federal court, it means exactly what it says. That's the Supreme Court rule. The Supreme Court of the United States has determined if you dismiss a case before a defendant has answered, you have a right to dismiss that without prejudice, and that allows you to bring it back. That's governing federal law, and there is no controversy about it. That's why they can't proceed. The first phenomenon you have to find is that there was a final judgment on the merits in a court-competent jurisdiction. This federal court issued orders that were interlocutory. There was no final judgment on the merits in that court. The comments to Restatement 19, Statutes and Rules of Court, in determining the scope of the general rule in a particular jurisdiction, it's essential to consult the relevant statutes and rules of the court in that jurisdiction. You can't impose and transport intramural Illinois rules to Missouri state courts in the Chapman case, for example, or to the Missouri federal court. It just doesn't work that way. So I have a, there is no final judgment, and that casts aside from the moment the fact that they never proved the final judgment. They proved a scheduling error. They proved a scheduling error that the federal court issued after its memorandum and order. Now, you can't have a scheduling error in a federal court after there's been a final judgment. It is completely impossible. Mr. Huberson, I mean, there's no doubt that the wrong order was attached to the motion to dismiss. And it would have been a lot cleaner, for sure, if the defendants would have filed something, a motion to take judicial notice and attach the order, a motion to substitute exhibits, or in some way said, Judge, this is the order we're claiming on. However, the fact remains the order is filed of record. It was described in the motion to dismiss. It's pretty clear that it's the December 3rd order that the defendants were relying on. So are we supposed to just ignore that it's obvious that's the order? Judge, I think it's on de novo. You look at it fresh as it exists. Well, this is about as de novo as it gets. I mean, the judge didn't really decide anything. I mean, we're just practically sitting as a court of original jurisdiction here. He just said, based on your motion to dismiss. So, yeah, you look at it as it is. I don't think it's for this court to rearrange the defendant's motion for them. I think that takes it on advocacy. So we should look at it like this. If we were sitting as the circuit judge, couldn't we have gone through the file to see what was up record, determined that this order was in the file and that clearly that was the one they were relying on, and gone ahead and decided the case? I don't think it's the position of the court or that's a good position of advocacy for the court to take to rearrange the defendant's motion for them. I have a problem with that. Well, I mean, in their motion they said it was an order of December 3. It said this. They quoted from it. This is what was done, and clearly that's the order, which was actually attached to the motion to addressing Professor Perlman's report. Well, actually what they said was the federal court dismissed counts because in state court here, if you dismiss the count, that may have some bearing, for example, in the Richter case. I think they might have said claims, but anyway, go ahead. Their motion said counts, and no count was dismissed. So they have a problem there. And what really is incredible here, so we have no final judgment, and we have new advertisements, all of them literally 2013, the day I filed the lawsuit. So I scratch my head and say, how can you have raised your economy with respect to advertisements that existed on the day I filed the lawsuit? That just doesn't make sense, Your Honor. In other words, advertisements that were made after the Missouri case. Right, and even since then. I mean, we have some new ones coming out fresh. You know, 2014-15, they typically come out February. Is this in the record, or is this part of the record? Is it part of the record? These, 258 is part of the record. 224 is definitely part of the record, Your Honor. 224 is, I mean, that is in the lawsuit. I took it right out of there. Okay. Okay, and this was published February 2013 to 2014. So this existed when I filed the lawsuit here. It did not exist when I filed the lawsuit in federal court or when I prosecuted the lawsuit in federal court. Maybe we should just say, for the record, Mr. Hoverson has demonstrative exhibits at the podium that are phone books and a Martindale-Hubbell law directory that he's referring to. We all keep saying this. Yes. You'll have opportunity to refer me to that. Thank you. Mr. Peay. Mr. Spock. Mr. Spock, good morning. Good morning. Wow, I don't even know where to begin. I was thinking about this case driving down, and I thought to myself, you know, it's kind of like a Shakespearean sonnet, how can I affirm the trial court, let me count the ways. I've never seen a case quite like this, but I'd like to first immediately address your questions as to some techniques of federal law. This is really quite astounding. He files a lawsuit in federal court. The case is dismissed on the merits of the federal court. They said, as you properly pointed out, he tried to bootstrap the ARDC to generate a general cause of action. They dismissed it on the merits. He then, after that, he then non-sues the landowner. And then for reasons that are completely alien to me, reasons that I can't even begin to comprehend, he then decides to come to Illinois. So then he comes to our court in Illinois, and he files a new lawsuit. Now, it's an 11-count complaint. Five counts have to do with the Attorney Act and some have to do with the Consumer Fraud Act, and every one of those counts rolls out of the same basic fact. Thomas Holberston retires. Now, I'm here to tell you, never, never has a retirement reached so much havoc as Mr. Holberston's retirement has, because his retirement has led to an 11-count complaint in Illinois, a 6-count complaint in Missouri, which was dismissed on the merits as it relates to the original action, the so-called ARDC actions. He repackages the case, brings it to Illinois, and then says, oh, by the way, you have to apply federal law. I don't know. I guess maybe you constrain yourself carrying too many books. But I've got to tell you, Your Honor, is that the law of the state of Illinois has been and has always been, Illinois procedural law governs Illinois causes of action. You chose Illinois. Illinois procedural law governs. And in point of fact, as we said specifically in our brief, the federal rules of government, govern the procedure in civil suits in the United States District Court. They are not applicable to practice or procedure in Illinois state courts, nor do they affect the rights of the parties in Illinois state court proceedings. And there's a string cycle. There's that. That's such a basic principle of Illinois law. What about the deciding in Wayne, the deciding in Van Milligan? All of those cases make it clear and unequivocal that Illinois law. What about this quote from Scalia in Santec where he seems to be saying federal law applies in a federal question case? Well, my response to that is it's clear. It's dicta because this is a diversity case. However, he's saying one thing that's clear, federal question case, it's the federal law. Remember, Santec is, first of all, it was a diversity case, as Your Honor has indicated. It is dicta, as Your Honor has indicated. Just as you indicated, Hudson followed Santec by seven or eight years. Well, Hudson wasn't about a federal court case, so there was no issue about that. It was all an Illinois proceeding, right? Yes, sir, it was. But remember, he said what if he started his case in Missouri and then he brought it over here? Would Santec apply then? I mean, really, if you ask yourself, would it? I mean, because if he started his case in Missouri, you see, the reason that I think Santec and the fact that it's diversity is significant is because it is a federal question. The question is it existed as it relates to Santec is, number one, it was diversity. This is a federal question. Number two, there wasn't an independent jurisdiction. There's clearly an independent jurisdiction here under 1331. Number three, and this is important, it was a statute of limitations case, Judge. This is a statute of limitations case, and under California law, dismissal of statute of limitations was not a dismissal on the merits. It was not an adjudication on the merits, and that was specifically him. It said, under California law, the dismissal of statute of limitations grounds would not bar the filing of an identical action in a different state where the limitation period had yet not applied. Remember, California had a two-year statute. Maryland had a three-year statute. Totally different situation. I think Santec is so inapplicable in this case for all of those reasons, and furthermore, remember, the ultimate basis of the holding in Santec was that California law does not consider dismissal based on statute of limitations grounds as on the merits. California law did not regard it as basis on the merits for purposes of the application of res judicata. Therefore, in that particular case, applying the law of the foreign state, which was California, the Maryland action was not brought by res judicata because the action was brought within the Maryland statute. I think that distinguishes it. I really do. I understand that Scalia said that, and with complete respect to Justice Scalia, I mean that. I don't think anybody was questioning. I was questioning myself. Okay. But with complete respect to Justice Scalia, it's dicta. And really, on top of that, if we're going to say in this case that Santec is going to control this case, then you're basically saying let's just forget about Hudson and let's rewrite all of the new jurisprudence which has emerged on this res judicata issue. Well, are there any Illinois cases applying Illinois' claim-splitting rules to a case that was voluntarily dismissed in a federal question case in federal court? Not anymore. I mean, this is kind of an issue of first impression, isn't it? It is a case of first impression, unless, of course, you really look at what the principles of Hudson are, what the policies under Hudson are. Well, if Hudson doesn't apply, then it doesn't matter if it's federal law that applies. But again, back to the same question, federal law. Governor, a cause of action, he chose to file. You know why? If he filed it in federal court, my question to you, Your Honor, why didn't he refile it in federal court? I have to ask Mr. Helgerson that. I've asked myself that. I think he set up a great malpractice case against himself because his decision not to refile it in federal court, I think, created three different problems for him. One problem that created for him is that when he chose not to file it in federal court and he came to Illinois, he's availing himself of Illinois law, and Hudson is dispositive, in my humble opinion, and Sentak is distinguishable for all the reasons that I have suggested to you, Your Honor. That's number one. Number two is that when he chose to file it in Illinois as opposed to refiling it in federal court, he also changed the name of the file because what he did is he changed the name from James Helgerson in the Missouri action to Helgerson and Helgerson in the Illinois action. Now, I suppose he did that because maybe he understood that he had a rescue to come from, and so he thought, well, I'll get around the rescue to come from. I'll change the parties. I'll make it Helgerson and Helgerson, which, of course, is a little ridiculous because it's the parties where they're privies, so that dog's not going to hunt. But then on top of that, he walked himself into a different malpractice because if he wants to avail himself of the same statute on the statute of limitations with reference to the Larry Act, he didn't do that because our rule says that it's got to be the identical cause of action of the identical parties, and they're different parties. So the only thing I can conceive of when I ask myself, why didn't he just refile the case in federal court, is that I think he's trying to create a case against himself, which would, of course, be good if the case within the case would have to be good. And the problem with the case within the case, putting aside your discussion that we've had, and I may or may not persuade you on with respect to Hudson, because I just think Hudson is so clear, but I understand that I disagree with you. It doesn't matter what I think. No, I'm taking a position. I'm just asking questions. No, no, no. You've been talking for years. You're just taking a position. You've got to find out what that position is when you write your opinion. But, Judge, honestly, when you look at what's stated in Hudson, honestly, I understand. I can tell you that what Hudson talks about is an involuntary dismissal, which is what happened in federal court earlier. There was an involuntary dismissal. It's just that the case clearly says that insofar as that is concerned, it says to hold otherwise, to hold otherwise. And this is where I think it's important. After Hudson was decided, there was a case called Medjack v. City, if you call it. And in that case, citing Hudson, Hudson, of course, saying involuntary dismissal, and that's why I think it's important to understand that the rest of your category scoops up everything because of 1331. I mean, every case that he could have brought, I mean, he repackaged. Basically, his Illinois complaint is repackaged into Missouri. It's the same complaint. It's the same complaint that's dressed up, and then he incites the Illinois attorney after he incites the Illinois Conviction of Fraud Act, which, of course, is crazy. The statute of limitations has got to be in the Conviction of Fraud Act because there's no such thing as continuing towards Mr. Olson, your own boss notwithstanding, for statutory cause of action because the DuPont case, which was my case, specifically says that unless the statute specifically provides for continuing court, there is no continuing duty or continuing wrong. The statute of limitations does not extend it so much for the phone books. But insofar as Hudson is concerned, I think this is important. They said in Hudson's case, your judge came out and brought on the merits, and then anything else that you could have brought, we've got to be careful in our business. You know, the claims court, I'm used to the claims court, is that it said in Hudson, it says, the central issue is whether the involuntary dismissal of a plaintiff's negligence claim in plaintiff's subsequent voluntary dismissal of the remaining Wilford Wanton claims bar the ruling of refiling of the Wilford Wanton claims and a doctrine of res judicata. Of course, the answer is yes. Now, to your point, I agree. You can say any time I grant you that. The problem is it's an issue of federal law. I would suggest I understand it, but I don't think that the intent of federal law or even Justice Scalia would have been this, because if you really think about what the effect of what you're saying and what Mr. Holderston is arguing, it flies right in the face of a serious policy dispute. And what is that? It's a dispute that says to hold otherwise would promote piecemeal litigation when remaining counts are deemed to have sufficient merit to continue the litigation. Okay. I'm just asking you, do you concede that if Rule 41 applies, then it was not an adjudication on the merits? Do I concede that if it wasn't judged? You see, it seems to me like it kind of boils down to which law applies. I mean, it seems like there's no question under Hudson it's res judicata, that the federal law applies. On the other hand, under Rule 41, it seems pretty clear, you know, if you read the rule, that if it's dismissed before answer or summary judgment is filed, it is not an adjudication on the merits. But there was an adjudication on the merits. There was. There was an adjudication on the merits. They kicked all of those cases that he tried to fashion out of what? Those were kicked. That was an adjudication on the merits. That's my point. If you flip it, there was an adjudication on the merits with respect to all of those professional regulations. And you probably point out he sought relief for it. Well, let me see what I'm hearing you say is, okay, he could have refiled this in the Eastern District of Missouri, but if he would have, he could not have refiled the Missouri ethical rules violations claims. There were dismissal practices. He could have repealed that. But he could have refiled the Lanham Act claim. He could have. That's my point. That's why I'm saying I think he's got a good case against himself. He could have readily refiled the Lanham Act. Whereas he may have had a statute of limitations problem. See, we haven't even talked about the statute of limitations problem, which implicates my reference to the Shakespearean sons. Okay. Just a quick question about the statute of limitations problem. Why would the Lanham Act violations not fall under the five-year civil actions not otherwise provided for catch-all? Well, I think because in the State of Illinois, you try to look to see whether or not there is a statute that is of similar nature or import. And what we pointed out in our brief, and I think it's a pretty good argument, is that the statute that we have that most clearly mirrors the Lanham Act is the Illinois Consumer Protection Act. That's a three-year detention. But I think there's a second reason. He'd blown the refile. I mean, because you said, now you would say that he has five years because he would have it after five years. But you have to ask yourself, when did that statute start to run? See, in point of fact, in 1999, when the firm split up, they clearly knew from that day forward, and certainly in 2008, that year that we'll live in infamy, that year that Thomas Hovis would retire, that year that it began all these lawsuits, they're clearly on notice. There's an affidavit that's part of the record that was signed that said since 2008, I knew that this was being done. So if you mark it by 2008, it's as if by the time he refiles this thing over here, the statute's gone in any event. So, I mean, he's been on the statute there. He's clearly dead on the statute for the Illinois Missouri. Assuming that somehow or another, we're going to make a new law and say that the Missouri Protection Act of Illinois applies to lawyers, which is fine with me. I'm down for that. It'll come in handy in future cases, but I don't think that that's the law. And I think to throw it out there and suggest it is sophistry. I think, so that statute's gone, that three years is dead on arrival. On top of that, he blew the savings statute when he refiled it. If he refiled it, maybe in Missouri, you know, and they took a different position, which I don't know what their statute of limitation is over in Missouri, but if he refiled it over in Missouri, I mean, I think he would have been in trouble there because it's a different party. I mean, it's Salterson versus Salterson versus James Salterson. I mean, he's made so many moves. He has so many books. He has so much stuff. He's checkmated himself. I don't know where he goes from here. And then on top of that, he comes in and he did the Illinois Attorney Act. What does the Illinois Attorney Act have to do with anything? I mean, the Illinois Attorney Act says you've got to be licensed to practice law in order to practice law. I mean, it doesn't give anybody a private cause of action, and furthermore, there's no evidence, allegation, or even a whiff of a notion that Thomas Halverson ever practiced law over here. So that's crazy, but I will say one thing. I am grateful for one thing today as I've gone through this adventure, is that I never knew that we had a thing called the Illinois Legal Business Solicitation Act, so I thank you for that, because I wasn't aware of it, but it's good to know that it doesn't have anything to do with this case because it's a criminal statute. Judge, honestly, this is a case, I don't quite understand where all of this came from. This is a case that strikes me as, it's very hard in essence, is that Mr. Halverson says, hey, my uncle left and my cousin left, so I want my name back. Well, it isn't your name. The Halverson Law Firm has been in a respectable business, and these guys have been subjected to assault, and I invite the court to look at the front notes on page 11 of our agreement. These guys are, these guys are, my brother was the eyepatch, these guys are good lawyers, and they are lawyers, well, I don't mean that with any disrespect, but these guys are good lawyers, and they can put a tag. It's violating all manner of ethical rules, and all they're doing is practicing law. And when Mr. Halverson took his first shot at Missouri, it's a matter of record, the federal court was unimpressed. But at the same time, on top of everything else, he didn't even have to dismiss it. Do you know why he dismissed it? He dismissed it because the judge says we're going to trial in two months. Now, for a trial order, as Mr. Halverson talked about having records as being a trial lawyer, we love to hear that we get to go to trial in two months. And he, for some reason, chose to dismiss it and come to Illinois. Why? I don't know. It might be because the federal judge had already chastised him for intimidating a witness, which is also a matter of record. One last thing, if I may. The federal court, when we talk about, I mean, and this is the one where I think, isn't this something, I mean, with complete respect, Mr. Halverson, you can say what you want about our trial bench at St. Cliff County, but honestly, they know, they truly do know that you don't dismiss cases based on protected word. I mean, can we all agree on that? I mean, seriously. I mean, I don't know how that could even, and I don't know how he took up 20 pages of his brief, but I would like to point this out, and we did supplement the record in answer to your question. It's just that we did, in the appellate record, attach this Exhibit A to defendants of motion in the place that we did put that information in there to make it clear that that was, in fact, the wrong word. That was done in the trial court? Yes, it was. Okay, and you're talking about in the motion to referring to Professor Perlman's thing? Yes, sir. What does it say there in relation to the motion to dismiss? Well, I've been handed by Mr. Horton, he's playing goose, it says here, he said, and he said, that the federal court memorandum, and the plaintiff does not dispute that the federal court's order of memorandum to dismiss certain claims asserted against the identical defendants, and there's a citation of 510 to 522, he does not dispute that he subsequently voluntarily dismissed the remainder of the claims, which is also true. He does not dispute the claims of the subject lawsuit of the virtually identical Missouri lawsuit, that's true.  is that the order of December 3rd, 2012, cited to a defendant's motion to dismiss was not attached as Exhibit B to said motion. Plaintiff does not dispute that the order exists, that it was not identified in court verbatim in the defendant's motion to dismiss, and it is in the appellate record, and that would be pages C, 510 through 522, attached as Exhibit A to defendant's motion to place the declaration of Andrew Perlman. Right, I mean, it's an exhibit to the motion to place the declaration under seal, nowhere in that motion does it say, oh, by the way, this is the one we want you to take judicial notice of or anything, but my point is, I mean, do you agree, I mean, it's in the record, it's described in the motion to dismiss, the circuit judge can look at it, and it's clear that's the order that's being referred to. It's clear that that's the order, I mean, the fact that this is being seriously argued, which underscores my notion that this really is Alice, and I'm in wonderland, is to suggest that if there's ever been a case evaluating formal or substance, formal or substance, I've never seen one like this, the fact that he would go down the line and actually believe that a protective order is the basis for a finding of an adjudication on the merits, I don't see it. A couple other points, I mean, as I said, there are just so many ways that this case and this complaint stands as deficient. I mean, the whole history of the case makes no sense to me, but the consumer fraud act, besides the statute of limitations, he's in the wrong venue. I mean, if he wants to claim there was consumer fraud, the venue wouldn't be open in Missouri, it wouldn't be in Illinois. That's mandatory. There's no standing. I mean, the law's been clear forever. Lawyers are not subject to the Illinois Consumer Protection Act. The attorney act has nothing to do with the cause of action. It doesn't give rise to the cause of action. The statute of limitations is clearly gone. He can bring all the phone books he wants. It's just crazy new business, and it's not continuing to work. That's what the whole case said. There's just no way around it, unless, as you point out, that you're not going to throw us one unrescued kind of a piece of syntax. I really believe Hudson applies, and I believe Hudson applies because I believe that that furthers the public policy, which I don't think even Justice Scalia would be opposed to, which is to prevent peace-building agents. Because you want to take a bite, but you don't like how it tastes. And this is really what I think is the ultimate insanity of this argument. And I would be remiss if I didn't bring this up. The ultimate insanity of the argument, in my judgment, Justice Smith, is that you don't want to hear it. Well, if it's very brief. Very brief. Finish your thought. I will. The insanity of the argument is this. He wants you to say that it wasn't a judgment on the merits because his original complaint had no merits. So he wants a second bite that the applicant gets the first time he tries to eat his soup or fork. Thank you, Mr. Key. Mr. Holberson, do you have a rebuttal? Yes. I'm sure you do. Thank you. Once again, may it please the Court. First, Judge Stewart, the motion to place Professor Perlman's declaration under seal was never brought to the attention of the Court. We never had a hearing on it. So I don't know how it comes in. Did the federal judge place it under seal? No. Judge Ross placed it under seal in the federal court, but the motion here in the circuit court was never brought. So that's a motion that was ruled upon without notice to me that it was going to be ruled upon or presented to the Court of Ruling, which is why that should be reversed. Next. Referring to my brief at page 27, as the Court adjudged in National Union Fire Insurance of Pittsburgh v. DiMucci, the First District of the Appellate Court of Illinois, 2015, quote, paragraph 45, though the parties alternately cite state precedent and federal precedent from various circuits on the issue of res judicata, Illinois precedent does not apply to determine the res judicata effect of a federal court judgment. Federal law governs. It could not be more plain. It could not be more uniform everywhere in the country. Is there any question about that? Therefore, to prove you have a final judgment, you have to prove it was a final judgment in the court where it rendered the order. There was no final judgment. There was a memorandum in order. By virtue of Rule 54 of Federal Civil Procedure, that is interlocutory. It can be changed at any time. So Mr. Keith is mistaken when he says that was a dismissal with prejudice or anything else. By rule, it's interlocutory, completely different than the procedure of Illinois. Next, the Uniform Deceptive Trade Practices Act is the act that I specifically cited in the prayer. That act does not have the statute of limitations in it.  The Consumer Fraud and Deceptive Business Practices Act has a three-year statute of limitations built into it. It's a different statute. Right under its lashes. I'm having a little trouble understanding what you're saying here. Illinois adopted a form of the Uniform Deceptive Trade Practices Act. Is that right? Yes, Your Honor. And that law applies in Illinois? Yes, Your Honor. But you brought your cause of action on the Uniform Deceptive Trade Practices Act? Yes, Your Honor. The counts, the first five counts are Attorney Act violation counts because the Attorney Act of Illinois outlaws advertising by lawyers who are not authorized to practice. The next counts are called Uniform Deceptive Trade Practices Act. Those are companion statutes, but they're slightly different. The Consumer Fraud is really geared to consumers. I'm not a consumer with respect to how this is going to offer services. I'm a competitor. The Uniform Deceptive Trade Practices Act is the act most like the Lanham Act. In the Hoplatz case, kind of confused there, but I don't know what they were doing insofar as they said Consumer Fraud Act. I plead with them because they blend together. There is, in Section 2 of the Consumer Fraud Act, competitive, a paragraph devoted to competitive injury. But I sued under specifically the Deceptive Trade Practices Act as a competitor, just like the Lanham Act. They're very similar. In conclusion, Your Honor, we never had a chance with respect to Professor Perlman's affidavit. It should never have been sealed. It was properly annotated. Everything about it was proper. I got the information from Office of Disciplinary Counsel in Missouri. That's not privileged. It's not secret. They gave it to me. Then, there is no final judgment in the federal court upon which to predicate race judicata in this case. And even if there were, it wouldn't apply to subsequent advertisements. Any questions about that? Thank you very much for the consideration of this case, Your Honor. Thank you, Mr. Wilkerson. Thank you, Mr. Key. Thank you, Mr. Lester. I take the matter under advisement of the legal and criminal courts. Thank you.